IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Kenneth Evans, II, | ) |
|                   Petitioner, | ) C.A. No. 2:21-01973-HMH-MGB |
| vs. | ) **OPINION & ORDER** |
| Warden Wallace, | ) |
|                   Respondent. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Kenneth Evans II ("Evans") is a pro se prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation filed on March 29, 2022, Magistrate Judge Baker recommends granting Respondent's motion for summary judgment and dismissing Evans' petition with prejudice. (R&R, generally, ECF No. 78.)

Evans filed timely objections to the Report and Recommendation.[2] (Obj., generally, ECF No. 82.) Objections to the Report and Recommendation must be specific. Failure to file

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Evans' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection.[3] Evans objects to the magistrate judge's deference to the PCR court's credibility assessment of his plea counsel's testimony. (Objs. 1, 27-28, ECF No. 82.)

"[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)); see also Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) (citations omitted ) (federal courts "must be 'especially' deferential to the state PCR court's findings on witness credibility."). The PCR court found that Evans' plea counsel met with him multiple times, explained the risks and consequences of pleading guilty, and advised him of the minimum and maximum sentences for the offenses to which he was pleading guilty. (Am. Ret. & Mem. Supp. Summ. J. Ex. 5 (Order of Dismissal 114), ECF No. 42-5.) In addition, the PCR

---

[3] Evans submitted 74 pages of single-spaced handwritten objections. However, much of the objections consists of information taken from documents that were previously filed in this case. Compare (Objs. 47-55, ECF No. 82) with (Mem. Supp. § 2254 Pet. 3-11, ECF No. 1-3); compare (Objs. 58-64, ECF No. 82) with (Mot. Am. § 2254 Pet. 3-7, ECF No. 39.)

court found Evans' plea counsel to be "very credible."  (Id. Ex. 5 (Order of Dismissal 113), ECF No. 42-5.)  Evans stated at his guilty plea hearing that (1) he understood that the maximum punishment that he could receive was thirty (30) years, (2) no one had "promised him anything [or] held out any hope of reward" in exchange for pleading guilty, and (3) he was satisfied with his attorney.  (Id. Ex. 5 (Guilty Plea Tr. 9, 12), ECF No. 42-5.)  The PCR court evaluated Evans' prior testimony during his guilty plea hearing and his testimony at his PCR hearing against his plea counsel's testimony, and found Evans' plea counsel to be more credible.  (Id. Ex. 5 (Order of Dismissal 113-14), ECF No. 42-5.)  Evans' arguments regarding credibility amount to mere disagreement with the credibility assessment of the PCR court.

The PCR court's analysis did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented [at the PCR proceeding]."  28 U.S.C. § 2254(d).  Accordingly, this objection is without merit.  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Baker's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 42, is granted.  It is further

**ORDERED** that Evans' § 2254 Petition, docket number 1, is dismissed with prejudice.  It is further

**ORDERED** that a certificate of appealability is denied because Evans has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
April 29, 2022

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.